IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| Kevin Gladden, (aka Kevin R. Gladden), | ) | C/A No.  1:05-2084-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Aurora Pavilion Medical Center; and the | ) | |
| South Carolina Department of Mental Health, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff initiated this action against the defendants pursuant claiming that upon his discharge from the Aurora Pavilion Medical Center, his belongings and personal property were

1

missing.

In accordance with established procedures in this District, the case was referred to a Magistrate Judge for pretrial handling. In a detailed Report and Recommendation filed with the court on August 3, 2005, the Magistrate Judge suggests that this action is subject to summary dismissal without prejudice.

Specifically, the Magistrate Judge notes that defendant South Carolina Department of Mental Health is an agency of the State of South Carolina and is immune from suit under the Eleventh Amendment to the United States Constitution. Further, the Magistrate Judge suggests that this court has no subject matter jurisdiction over the remaining defendant, Aurora Pavilion Medical Center. Finally, the Magistrate opines that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.

The parties were advised of their right to file objections to the Report. However, as of the date of this order, neither party has filed objections within the time limits set out in the Local Rules for this District

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds that Magistrate Judge's suggested disposition is correct. Accordingly, the Report and Recommendation is incorporated herein by reference, and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

August 23, 2005
Columbia, South Carolina

/s/ Joseph F. Anderson, Jr.
United States District Judge

3